UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Grace F. Aderinto, | ) | C/A No. 3:08-1576-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Daniel Washington; Kevin Williams; and NFN Stamper, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Grace F. Aderinto (Plaintiff), proceeding *pro se*, files this civil rights action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names three federal postal employees as defendants and claims that the defendants are discriminating against Plaintiff by failing to provide her mail when she comes to pick it up.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.). As Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F. 2d 387 (4th Cir. 1990).



## Background

The complaint states that Plaintiff has a "General Delivery" address, which requires Plaintiff to go to the post office to pick up her mail. The complaint [docket # 1] alleges as follows:

> This is another act of discrimination that the plaintiff has been subjected to. The plaintiff's mails (letters) are purposely witheld so that the plaintiff does not receive them on time. The plaintiff's W-2 from Washington arrived the main post office 03/01/08 but was witheld till the last week of March. During this time the plaintiff visited the post office repeatedly but was turned away at all times. The plaintiff, having no job nor financial resources wasted gasoline over these four weeks, when the W-2 could have been delivered and the taxes amended promptly. This complaint was brought to the supervisor's attention but little action was taken. The plaintiff has no problems receiving letters from the court at zip code 29201 but the General Delivery Mail Room re-routes the plaintiff's letters to 29202, an action that could delay the plaintiff from receiving the judges orders. Documents as proof of the issues with zip codes has been attached. The plaintiff requests that the court summon and order Mr. Daniel Washington, Mr. Kevin White and Mr. Stamper to perform their duties impartially towards all customers, according to the guidelines, practices, rules and regulations of the postal service manual for the United States. Furthermore, for purposely turning the plaintiff away, to pay $35 for each week from the first of March till the last week of March for 2008, to cover gasoline wasted, and to sue all in their individual capacities.

Plaintiff filed an additional attachment to the complaint [docket # 6] consisting of an envelop. On April 16, 2008, Plaintiff filed an additional attachment to the complaint [docket # 9] which alleges "the plaintiff continually faces discrimination of services at the post office." The attachment contains facts concerning an incident at the post office and points out that mail has been returned to the Court in Plaintiffs other cases as undelivered, but the attachment also includes information irrelevant to this case concerning her mail. On June 16, 2008, Plaintiff filed another attachment to the complaint that does not include information relevant to the complaint against the defendants.



**Discussion**

The complaint is brought against employees of the U. S. Post Office in their individual capacity for "discrimination." In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Supreme Court recognized a private cause of action for damages against individual federal actors arising from violation of Fourth Amendment rights.[1] The complaint's allegation of "discrimination" and request that the defendants "perform their duties impartially towards all customers," could be an attempt to state a claim for violation of the Equal Protection Clause as a "class of one." The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willis v. Town of Marshall*, No. 07-1404, 2008 WL 1897528 (4th Cir. April 30, 2008) (unpublished) *quoting Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

However, while Plaintiff alleges purposeful discrimination, the complaint fails to specify any individuals who are "similarly situated" to Plaintiff and how she was treated differently from those persons who are "similarly situated." Additionally, the complaint fails to allege that "no rational basis for the difference in treatment" exists. *See Giarratano v. Johnson*, 521 F.3d 298 (4th

---

[1] *Bivens* actions are very limited in scope. *See Schweiker v. Chilicky*, 487 U.S. 412, 420-23 (1988) (restrictions on *Bivens* actions discussed). For example, a litigant may not bring a *Bivens* action for damages against the United States or a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies). Only the Fourth Amendment protection from unreasonable search and seizure, the Due Process Clause of the Fifth Amendment, and the Cruel and Unusual Punishment Clause of the Eighth Amendment have been recognized by the Supreme Court as providing the basis for a private constitutional tort action. *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 409 (2003)(*Bivens* only extended in two other contexts). Although the Equal Protection Clause has not been recognized by the Supreme Court as a source for a private constitutional tort action, *Bivens* indicates a court may award damages if necessary to give adequate protection to a constitutional guarantee.



Cir. 2008)(affirming the dismissal of a complaint that failed to adequately allege the absence of a rational basis supporting the plaintiff's disparate treatment); *Ruttenberg v. Jones*, No. 07-1037, 2008 WL 2436157, *8 (4th Cir. June 17, 2008)(unpublished)(same). Thus, the factual allegations against the individually named defendants are insufficient to state a *Bivens* claim against them, even if *Bivens* were extended to include a constitutional tort based on the Equal Protection Clause, as the allegation of discrimination in the complaint is unsupported.

In *Erickson v. Pardus*, _U.S._, 127 S. Ct. 2197, 2200 (2007), the Supreme Court discussed pleading requirements, as follows:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

Nevertheless, in *Bell Atl. Corp. v Twombley*, _U.S._, 127 S.Ct. 1955, 1974 (2007), the Supreme Court held that a complaint requires the pleading of "enough facts to state a claim to relief that is plausible on its face." *Twombley* further instructs that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65.

Plaintiff's bare statement of "discrimination" in her complaint is not enough to state a constitutional claim under Bivens. Because the complaint fails to state a claim on which relief may be granted, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(dismiss

4



if fails to state a claim).

        The plaintiff's attention is directed to the notice on the following page.

                              Bristow Marchant
                              United States Magistrate Judge

July 18, 2008
Columbia, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

